IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., PATRICK C. KANSOER, SR., DONALD W. SONNE and JESSICA L. SONNE,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF MORTON GROVE and RICHARD KRIER, President,<br><br>Defendants. | FILED: JUNE 27, 2008<br>08CV 3694<br>JUDGE LEINENWEBER<br>MAGISTRATE JUDGE VALDEZ<br>EDA<br><br>Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., PATRICK C. KANSOER, SR., DONALD W. SONNE and JESSICA L. SONNE, by and through their attorneys, Stephen P. Halbrook, Ph. D. and William N. Howard (the latter of Freeborn & Peters LLP), as and for their complaint against Defendants, the VILLAGE OF MORTON GROVE and RICHARD KRIER, its President, state as follows:

1.   This is an action to vindicate the rights of residents of Morton Grove, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, which guarantees the right of law-abiding citizens to keep handguns in the home for lawful defense of their families and other lawful purposes.

### PARTIES

2.   Plaintiff National Rifle Association of America, Inc. (hereafter "NRA") is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of 4 million persons. Numerous NRA members reside in or travel through Morton Grove, Illinois. The purposes of NRA include protection of the right of

citizens to have firearms for the lawful defense of their families, persons, and property, and to promote public safety and law and order. NRA brings this action on behalf of itself and its members.

3. Plaintiff, Patrick C. Kansoer, Sr., is a resident of Morton Grove, Illinois, a citizen of the United States, and a member of the NRA.

4. Plaintiff, Donald W. Sonne, is a resident of Morton Grove, Illinois, a citizen of the United States, and a member of the NRA.

5. Plaintiff, Jessica L. Sonne, is a resident of Morton Grove, Illinois, a citizen of the United States, and a member of the NRA.

6. Numerous members of Plaintiff NRA who are citizens of the United States but not residents of Morton Grove frequently travel through Morton Grove, Illinois.

7. Defendant Richard Krier ("Krier") is the Mayor of the Village of Morton Grove, which is his principal place of business. He is being sued in his official capacity.

8. Defendant, Village of Morton Grove, is a political subdivision of the State of Illinois. Krier and the Village of Morton Grove and their officers, agents and employees are sometimes hereinafter referred to as "Defendants."

## JURISDICTION

9. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

10. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

11. The Village of Morton Grove prohibits possession of a handgun. "No person shall possess, in the village of Morton Grove the following: . . . C. Handguns: Any handgun, unless the same has been rendered permanently inoperative." Village of Morton Grove Municipal Code, § 6-2-3(C). "HANDGUN: Any firearm which is designed or redesigned, made or remade, and intended to be fired while held in one hand or having a barrel of less than ten inches (10") in length or a firearm of a size which may be concealed upon the person." § 6-2-1.

12. A first offense is punishable by a fine of not less than $50 or more than $500. § 6-2-3(D)(2). A subsequent offense is a misdemeanor punishable by a fine of not less than $100 or more than $500, or by incarceration for up to 6 months. *Id.* Upon conviction, any weapon seized is confiscated and destroyed. § 6-2-3(D)(3).

13. The handgun prohibition does not apply to "Licensed gun collectors." § 6-2-3(C)(6). "LICENSED FIREARM COLLECTOR: Any person licensed as a collector by the Secretary of the Treasury of the United States under and by virtue of Title 18, United States Code, section 923." § 6-2-1.

14. The handgun prohibition is further inapplicable to: "Licensed gun clubs provided the gun club has premises from which it operates and maintains possession and control of handguns used by its members, and has procedures and facilities for keeping such handguns in a safe place, under the control of the club's chief officer, at all times when they are not being used for target shooting or other sporting or recreational purposes at the premises of the gun club; and gun club members while such members are using their handguns at the gun club premises . . . ." § 6-2-

3(C)(7). "LICENSED GUN CLUB: A club or organization, organized for the purpose of practicing shooting at targets, licensed by the village of Morton Grove as provided by this code." § 6-2-1.

15. In addition to the above, an exemption exists for transportation of handguns "by those persons authorized under subsections C1 through C8 of this section to possess handguns, if the handguns are broken down in a nonfunctioning state or not immediately accessible. "§ 6-2-3(C)(9). The following is also exempt:

> Transportation of handguns by persons from a licensed gun club to another licensed gun club or transportation from a licensed gun club to a gun club outside the limits of Morton Grove; provided however that the transportation is for the purpose of engaging in competitive target shooting or for the purpose of permanently keeping the said handgun at such new gun club; and provided further that at all times during such transportation said handgun shall have trigger locks securely fastened to the handgun.

§ 6-2-3(C)(10).

16. Defendant Krier is responsible for enforcing the above provisions through law enforcement agencies under his direction and control.

17. Defendant Krier and the law enforcement agencies that operate under his supervision have no legal duty to protect Morton Grove residents, including Plaintiffs, from robbery, rape, murder, or any other crime.

## **FACTS**

18. Plaintiffs, as well as other members of Plaintiff NRA, reside in Morton Grove. But for Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2), and the enforcement thereof by Defendants, Plaintiffs and numerous other NRA members would forthwith (a) lawfully obtain handguns to keep at home for lawful purposes including self-protection and the protection of their families and loved ones and (b) transfer handguns which they lawfully store outside of Morton

4

Grove to their homes. Should they do so in violation of such provisions, they would be subject to arrest, prosecution, imprisonment, and fines.

19. Plaintiffs, and numerous members of Plaintiff NRA, either travel through or need to travel through Morton Grove. Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2), and the enforcement thereof by Defendants subjects such persons who are otherwise lawfully transporting firearms to the threat of arrest, prosecution, imprisonment, and fines or requires them to travel on other routes to avoid arrest, prosecution, imprisonment, and fines.

20. Plaintiff Patrick C. Kansoer lawfully owns and stores a handgun outside of the Village of Morton Grove. But for Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2), he would forthwith keep his handgun at his residence in Morton Grove.

21. Plaintiff Jessica L. Sonne and numerous members of Plaintiff NRA wish to obtain and possess handguns to keep in their homes for lawful defense from any unlawful, sudden, deadly attack by an intruder and to lawfully transport their handguns through the Village of Morton Grove. However, individuals face arrest, prosecution, and incarceration should they possess a handgun in violation of Village of Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2). But for Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2), Plaintiff, Jessica L. Sonne and members of Plaintiff NRA would imminently obtain handguns pursuant to the laws of the United States and the State of Illinois.

22. As a proximate cause of Morton Grove Municipal Code, § 6-2-3(C) and 6-2-3(D)(2), and the enforcement thereof by Defendants and their agents and employees, Plaintiffs are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders and violating their Constitutional rights as set forth herein.

## COUNT I

### (Second and Fourteenth Amendments)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

25. Because Morton Grove Municipal Code § 6-2-3(C) prohibits possession of a handgun, it infringes on the right of the people, including Plaintiffs and members of Plaintiff NRA, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and is thus null and void.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Village of Morton Grove Municipal Code, § 6-2-3(C) is null and void because it infringes on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Village of Morton Grove Municipal Code, § 6-2-3(C).

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

## COUNT II

### (Equal Protection)

26.    Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.    The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

28.    Possession of handguns is prohibited to persons generally, including Plaintiffs and to members of Plaintiff NRA. Morton Grove Municipal Code, § 6-2-3(C). However, the following categories of persons are exempted from the prohibition:

    (a)    "Licensed gun collectors." § 6-2-3(C)(6).

    (b)    "Licensed gun clubs," provided that the handguns therein are under the control of the club's chief officer when not being used for sporting or recreational purposes at the club; and "gun club members while such members are using their handguns at the gun club premises." § 6-2-3 (C)(7).

29.    The above exemptions irrationally discriminate against all non-exempted persons, including Plaintiffs and members of Plaintiff NRA, denying to them the equal protection of the laws, in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiffs pray that the Court:

A.    Enter a declaratory judgment that Village of Morton Grove Municipal Code, § 6-2-3(C) is null and void because it, in conjunction with § 6-2-3(C)(6) & (7), violates the equal protection of the laws guaranteed by the Fourteenth Amendment.

B.    Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Village of Morton Grove Municipal Code, § 6-2-3(C).

C.    Grant such other and further relief as may be proper.

D.   Award Plaintiffs attorneys' fees and costs.

## COUNT III

### (18 U.S.C. § 926A)

30.   Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.   Plaintiffs and members of Plaintiff NRA may lawfully transport firearms through the Village of Morton Grove pursuant to the Firearms Owners' Protection Act of 1986 ("FOPA"), 18 U.S.C. § 926A, which provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

32.   Village of Morton Grove Municipal Code § 6-2-3(C) prohibits possession of a handgun, but the limited exemptions for transportation are inconsistent with 18 U.S.C. § 926A. Transportation of a nonfunctioning or inaccessible handgun by an otherwise exempted person is exempt. § 6-2-3(C)(9). Also exempt is the transportation of a handgun with a trigger lock by a person from a licensed gun club to another licensed gun club or to a gun club outside the limits of Morton Grove, but only to engage in competitive target shooting or to keep the handgun at the new gun club permanently, for the purpose of permanently keeping the said handgun at such new gun club. § 6-2-3 (C)(10).

33.   Village of Morton Grove Municipal Code § 6-2-3(C), which prohibits possession of a handgun, and the enforcement thereof by Defendants, violates the entitlement of persons,

including Plaintiffs and members of Plaintiff NRA, to transport firearms pursuant to 18 U.S.C. § 926A, and is thus preempted and void.

WHEREFORE, Plaintiffs pray that the Court:

A.   Enter a declaratory judgment that Village of Morton Grove Municipal Code, § 6-2-3(C) is null and void because it is preempted by 18 U.S.C. § 926A.

B.   Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Village of Morton Grove Municipal Code, § 6-2-3(C).

C.   Grant such other and further relief as may be proper.

D.   Award Plaintiffs attorneys' fees and costs.

Respectfully submitted,

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., PATRICK C. KANSOER,
SR., DONALD W. SONNE and JESSICA L.
SONNE,
Plaintiffs


BY:   s/ William N. Howard
      One of Their Attorneys

Local Counsel
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
(312) 360-6415


Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA  22030
(703) 352-7276
(*Pro Hac Vice pending*)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., PATRICK C. KANSOER, SR., DONALD W. SONNE and JESSICA L. SONNE, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) |
| VILLAGE OF MORTON GROVE and RICHARD KRIER, President, | ) ) ) ) |
| Defendants. | ) |

**LR 3.2 Notification Of Affiliates**

Pursuant to Local Rule 3.2 of the Rules of the United States District Court for the Northern District of Illinois, Plaintiff National Rifle Association of America, Inc., a non-profit corporation, hereby states that it has no publicly held affiliates.

s/ William N. Howard

William N. Howard
One of the Attorney for Plaintiffs.

10