IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., PATRICK C. KANSOER, SR., DONALD W. SONNE and JESSICA L. SONNE,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF MORTON GROVE and RICHARD KRIER, President,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 8 C 3694<br>)<br>) Hon. Harry D. Leinenweber<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION
FOR FINDING OF RELATEDNESS AND TO REASSIGN
AND CONSOLIDATE PURSUANT TO LOCAL RULE 40.4**

Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., PATRICK C. KANSOER, SR., DONALD W. SONNE and JESSICA L. SONNE, (collectively "Plaintiffs") request that the following three cases before the United States District Court for the Northern District of Illinois, Eastern Division be considered related and also reassigned and consolidated: (1) the present action against the Village of Morton Grove and Richard Krier, President (the "Morton Grove Complaint"); (2) *National Rifle Assoc. of America, Inc., Alan L. Miller, Jonathan Blair Garber and Kevin P. Stanton v. City of Evansoton and Lorraine H. Morton, Mayor* Case No. 08-CV-3693 ("the Evanston Complaint"); and (3) *National Rifle Assoc. of America, Inc., Robert Klein Engler and Dr. Gene A. Reisinger v. Village of Oak Park and David Pope, President,* Case No. 08-CV-3696 (the "Oak Park Complaint").[1] The Plaintiffs in each of the cases supports and requests reassignment and consolidation.

---

[1]   A copy of the Morton Grove Complaint is attached hereto as Exhibit 1. A copy of the Evanston Complaint is attached hereto as Exhibit 2. A copy of the Oak Park Complaint is attached hereto as Exhibit 3.

These three associated cases are related because they involve common questions of law and fact and consolidation and reassignment of these cases is appropriate because they are all pending in this district, their consolidation will save judicial time and effort, reassignment and consolidation will not substantially delay the proceedings and the cases are susceptible to disposition in a single proceeding.

## **Factual Background**

The Morton Grove Complaint, Evanston Complaint and the Oak Park Complaint all center on a common issue of law and arise out of the same set of operative facts. In each case, the respective Plaintiffs challenge a handgun prohibition and bring suit against the respective municipalities and officers. The three handgun prohibitions are strikingly similar:

- The Village of Morton Grove prohibits possession of a handgun. "No person shall possess, in the village of Morton Grove the following ... C. Handguns: Any handgun, unless the same has been rendered permanently inoperative." Village of Morton Grove Municipal Code, § 6-2-3(c). "HANDGUN: Any firearm which is designed or redesigned, made or remade, and intended to be fired while held in one hand or having a barrel of less than ten inches (10") in length or a firearm of a size which may be concealed upon the person." §6-2-1. The restriction has certain exceptions. (Morton Grove Complaint, ¶¶11-15.)

- The City of Evanston prohibits possession of a handgun. "No person shall possess, in the City of Evanston any handgun, unless the same has been rendered permanently inoperative." Evanston City Code, § 9-8-2. "HANDGUN: Any firearm which: a) is designed or redesigned or made or remade, and intended to be fired while held in one hand or b) having a barrel of less than ten inches (10") in length or c) a firearm of a size which may be concealed upon the person." § 9-8-1. Violation is a misdemeanor punishable by fine of not less than $1,500 and/or incarceration for up to six months. § 9-8-6(A). Any handgun is to be confiscated and destroyed. § 9-8-6(B). The restriction has certain exceptions. (Evanston Complaint, ¶¶ 10-13.)

- The Village of Oak Park prohibits possession of a handgun. "It shall be unlawful for any person to possess or carry, or for any person to permit another to possess or carry on his/her land or in his/her place of business any firearm . . . ." Oak Park Municipal Code, § 27-2-1. "FIREARMS: For the purpose of this Article firearms are: pistols, revolvers, guns and small arms of a size and character that may be concealed on or about the person, commonly known as handguns." § 27-1-1. The restriction has certain exceptions. (Oak Park Complaint, ¶¶ 10-15.)

Additionally, the facts concerning Plaintiffs' challenges are virtually identical. In each case, but for the regulations, Plaintiffs would lawfully obtain handguns to keep at home for lawful self-protection. (Evanston Complaint, ¶ 16; Morton Grove Complaint, ¶ 18; Oak Park Complaint, ¶ 18.) If Plaintiffs were to do so in spite of the regulations they would face arrest, prosecution, imprisonment and fines. (*Id.*) In each case, the Plaintiffs either travel through or need to travel through the respective municipalities. (Evanston Complaint, ¶ 17; Morton Grove Complaint, ¶ 19; Oak Park Complaint, ¶ 19.) Additionally, the Plaintiffs are subject to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment and violating their constitutional rights. (Evanston Complaint, ¶ 20; Morton Grove Complaint, ¶ 22; Oak Park Complaint, ¶ 22.)

As this Court is undoubtedly well aware, the United States Supreme Court recently decided the case of *District of Columbia v. Heller*, No, 07-290 (S. Ct. June 26, 2008) which struck down the District of Columbia's ban on handgun possession and held that the Second Amendment guarantees an individual's right to own a gun for, among other things, self defense. In light of this recent ruling, Plaintiffs all challenge the constitutionality of the handgun prohibitions as well as the legality of such prohibitions in light of 18 U.S.C. §926A, the Firearms Owners' Protection Act ("FOPA").

### Argument

Pursuant to Rule 42 of the Federal Rules of Civil Procedure:

> when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 41.

Additionally, Local Rule 40.4 provides that civil cases are related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one of more of the classes involved in the cases is or are the same." L.R. 40.4(a). And, under Local Rule 40.4, a case may be reassigned to the calendar of another judge "if it is found to be related to an earlier-numbered case assigned to that judge" and so long as the following criteria are met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b).

## I.    The Three Cases Involve Common Questions of Law and Fact

The three cases which Plaintiffs seek to consolidate and reassign are related; they involve common questions of law and fact. *See, e.g.,* L.R. 40.4(a)(2); *Fairbanks Capital Corp. v. Jenkins,* No. 02-C-3930, 2002 U.S. Dist. LEXIS 26297 (N.D. Ill. Nov. 25, 2002); *Freeman v. Bogusiewicz,* No. 03-C-2908, 2004 U.S. Dist. LEXIS 15723 (N.D. Ill. August 10, 2004). Each of the complaints alleges as its first count violations of the Second and Fourteenth Amendments and in the second count, violations of the Fourteenth Amendment's equal protection guarantee. The complaints also allege violations of FOPA. The resolution of these claims all necessarily involve application of the Supreme Court's recent decision in *Heller*. Thus, the legal issues involved are more than related, they are identical.

Additionally, and as set out above, the facts involved in the cases are the same. In each case, the respective municipality has in place a regulation prohibiting possession of a handgun. And, the respective Plaintiffs in each case, but for the handgun prohibitions, would lawfully

obtain handguns for lawful purposes, including self-protection. The respective Plaintiffs all face arrest, prosecution, imprisonment and fines if they engage in such activities in light of the current restrictions. And, the respective Plaintiffs all claim that they are subject to the same irreparable harm in that they are unable to obtain handguns to protect themselves in their homes.

Each of the cases also involves a common Plaintiff, the NRA. Moreover, to the extent that the cases involve slightly differently worded handgun prohibitions, that fact does not prohibit consolidation and reassignment. This Court recognizes that "cases need not be absolutely identical to be related for purposes of LR 40.4. If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 00-C-4623, 2008 U.S. Dist. LEXIS 33296 at **9 (N.D. Ill. April 23, 2008); *Fairbanks*, 2002 U.S. Dist. LEXIS 26297, at *7 (Rule 40.4(a) does not require complete identity of issues in order for case to be related); *Lawrence E. Jaffe Pension Plain v. Household Int'l, Inc.*, 02-C-5893, 2003 U.S. Dist. LEXIS 7466, at *4 (holding that relatedness can be shown as long as the cases "involve *some* of the same issues of fact or law) (emphasis in original). Just as in *Global Patent,* where this Court found relatedness, the complaints here "share a factual foundation." 2008 U.S. Dist. LEXIS 33296, at *9. As a result, the cases here are related.

II.     **Consolidation of the Three Cases Satisfies the Requirements of Local Rule 40.4**

In addition to the complaints being related, consolidation of the three matters also meets the requirements of L.R. 40.4(b): the cases are all pending in this district, their consolidation will save judicial time and effort, reassignment and consolidation will not substantially delay the proceedings and the cases are susceptible to disposition in a single proceeding.

First, as in *Global Patent,* one "need look no further than to the respective dockets to conclude that the first and third conditions of LR 40.4(b) are satisfied." 2008 U.S. Dist. LEXIS

33296, at *11. The three cases here are all pending before the Northern District of Illinois, Eastern Division and thus, the first requirement is met.

Second, and with respect to L.R. 40.4(b)(3), the cases are all in their infancy. *See, e.g., Teacher's Retirement Sys. of Louisiana v. Black*, No. 04-C-834, 2004 U.S. Dist. LEXIS 10259, at *7 (N.D. Ill. May 27, 2004). The complaints were only recently filed, little judicial effort has been expended, no case management schedules are set and no discovery has taken place. As a result, the cases have not progressed to the point where treating them as related would be likely to substantially delay the proceedings. *See, e.g., Global Patent*, 2008 U.S. Dist. LEXIS 33296, at *11 (finding that substantial delay from consolidation and reassignment was unlikely where no discovery had taken place and little judicial effort had been expended).[2]

Third, the reassignment and consolidation of these cases will save judicial time and effort. The allegations and claims in each of the cases are virtually identical. The cases all involve the same constitutional and statutory issues. To have multiple judges considering and ruling upon the same constitutional and statutory questions is not only duplicative, but wastes this Court's judicial resources. *See, e.g., Global Patent*, 2008 U.S. Dist. LEXIS 33296, at *11 (holding that duplicative treatment of claim construction results in unnecessary consumption of judicial time, effort and cost). The cases all allege violations of the Second and Fourteenth Amendments, the equal protection guarantee, and FOPA. The cases all hinge on resolution of the same constitutional question and the application of the same recent Supreme Court case. The statutory interpretation required by the cases is identical. In short, the legal theories involved are

---

[2] The instant motion is properly before this Court. LR 40.4's "general commentary concerning the timing of motions to reassign, by its terms, does not prohibit the reassignment or consolidation of cases prior to the filing of a responsive pleading." *KPASA, LLC, United States of America*, No. 04-C-109, 2004 U.S. Dist. LEXIS 8720, at * 13 (N.D. Ill. May 13, 2004); *Freeman*, 2004 U.S. Dist. LEXIS 15723, at **3-4 ("L.R. 40.4(c) does not explicitly require that a motion for relatedness and reassignment be made only after a party answers or otherwise pleads").

the same and the same relevant inquiries will need to be made in addressing the allegations of each complaint.

The question of law at the heart of each case is identical: whether the handgun prohibition is constitutional and lawful. Because none of the cases can be resolved without answering the same common question of law, "significant judicial efficiency will result from having one judge handle all [ ] of the cases." *Fairbanks*, 2002 U.S. Dist. LEXIS 26297, at *8 (finding that judicial efficiency requirement met where none of the cases could be decided without determining legality of similar practice). Moreover, the cases all allege the same irreparable harm and seek identical remedies of declaratory judgment and injunctive relief.

The cases will also require the same legal findings and the summary judgment motions will likely be identical given that they will be filed by the same law firms. *See, e.g., Murry v. America's Mortgage Banc, Inc.*, No. 03-C-5811, 2004 U.S. Dist. LEXIS 3148, at *7 (N.D. Ill. Feb. 27, 2004) (finding fact that same law firm would likely file identical briefs in each case as relevant to inquiry as to whether reassignment would promote judicial economy). A substantial saving of judicial time and effort will result from having the issues briefed and determined once, rather than three times, and it will also save the parties and their counsel time and effort. *Fairbanks*, 2002 U.S. Dist. LEXIS 26297, at *8 (holding that overall administration of justice enhances when single judge decides issue for multiple related cases). And, to the extent any discovery takes place, such would cover identical topics as would any potential expert analysis. Unlike cases where reassignment has been denied, these cases do not require individualized proof and unique defenses. *Cf., Donahue v. Elgin Riverboat Resort*, 04-C-816, 2004 U.S. Dist. LEXIS 19362, at **9-10 (N.D. Ill. Sept. 27, 2004). As a result, a unified proceeding is not only

appropriate but it is also the best way for this Court to fully analyze and apply the recent precedent and to determine whether the requested relief is appropriate.

Finally, the three related cases are susceptible to disposition in a single proceeding. The cases all involve fundamentally similar claims, and anticipated defenses, that are "amenable to dispositive treatment in a unified proceeding." *See, e.g., Global Patent,* 2008 U.S. Dist. LEXIS 33296, at **12-13. As demonstrated above, because the cases involve identical constitutional claims as well as the same statute, there exists no reason to consider these cases on an individual basis. *Freeman,* 2004 U.S. Dist. LEXIS 15723, at **6-7 (finding that cases are susceptible of disposition in a single proceeding where the facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding). Additionally the irreparable harm alleged in each of the complaints, as well as the relief requested, is identical as are the questions of law presented. Therefore, resolution of the common issues in one case would be outcome determinative of the same issues in the other cases. *See, e.g, Fairbanks,* 2002 U.S. Dist. LEXIS 26297, at **9-11 (holding that LR 40.4(b)(4) was satisfied where a determination of the key, common legal and factual issues would be outcome determinative to all the cases). Resolving these cases in a single proceeding is not only plausible but, given the considerations of judicial economy, is desirable as well.

### Conclusion

*National Rifle Assoc. of America, Inc., et al. v. Village of Morton Grove, et al., National Rifle Assoc. of America, Inc., et al. v. Evanston, et al.,* and *National Rifle Assoc. of America, Inc., et al. v. Village of Oak Park, et al.,* are related cases in that they involve similar questions of law and fact. Additionally, consolidation and reassignment of these cases is appropriate because they are all pending in this district, their consolidation will save judicial time and effort,

reassignment and consolidation will not substantially delay the proceedings and the cases are susceptible to disposition in a single proceeding. Therefore, Plaintiffs respectfully request that this Court grant the Motion for Finding of Relatedness and to Reassign and Consolidate and for such other relief as this Court deems just and appropriate to consolidate *National Rifle Assoc. of America, Inc., Alan L. Miller, Jonathan Blair Garber and Kevin P. Stanton v. City of Evansoton and Lorraine H. Morton, Mayor* Case No. 08-CV-3693 and *National Rifle Assoc. of America, Inc., Robert Klein Engler and Dr. Gene A. Reisinger v. Village of Oak Park and David Pope, President,* Case No. 08-CV-3696 with this case, as it is the earliest filed case given the exigency of a *Motion for Recusal* pending in the *National Rifle Association of America, Inc., et al. v. City of Evanston*, Docket No. 08 CV 3693 (attached hereto as "Exhibit 4").

Dated: July 25, 2008                     Respectfully Submitted,

                                         **NATIONAL RIFLE ASSOCIATION
                                         OF AMERICA, INC., JONATHAN BLAIR
                                         GARBER, ALAN L. MILLER and
                                         KEVIN P. STANTON,**
                                         Plaintiffs


                                         BY:    s/ William N. Howard
                                                One of Their Attorneys

Local Counsel:
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
(312) 360-6415

Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA  22030
(703) 352-7276
(*Pro Hac Vice pending*)

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record for Plaintiffs, certifies that he caused a copy of this instrument referenced herein to be delivered to LaSalle process Servers to obtain service upon the parties of record, as shown below, the **25rd** day of **July, 2008**:

| | |
|---|---|
| Village of Morton Grove<br>c/o Richard Krier, President of Village Clerk<br>6101 Capulina Ave.<br>Morton Grove, IL  60053 | Richard Krier, President<br>Village of Morton Grove<br>6101 Capulina Ave.<br>Morton Grove, IL  60053 |

s/ William N. Howard

Local Counsel:
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
(312) 360-6415


Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA  22030
(703) 352-7276
(Pro Hac Vice pending)