## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 3694 |
| VILLAGE OF MORTON GROVE and RICHARD KRIER, PRESIDENT | ) ) ) | Judge Harry D. Leinenweber |
| | ) ) ) | FILED |
| Defendants. | ) ) | AUG 1 3 2008 TC |
| | | Aug 13, 2008 |
| | | MICHAEL W. DOBBINS |
| | | CLERK, U.S. DISTRICT COURT |

## MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendants, VILLAGE OF MORTON GROVE and RICHARD KRIER, PRESIDENT (collectively "Defendants"), for their Motion for Extension of Time to Answer or Otherwise Plead, hereby state as follows:

1.      This is an action filed by the Plaintiffs asking this Court to declare that the Village of Morton Grove Municipal Code Section 6-2-3(c) is null and void and asking this Court to issue an injunction enjoining the Defendants from enforcing this Code section.

2.      Village of Morton Grove Code Section 6-2-3(c) pertain to the regulation of the possession of handguns.   Prior to July 28, 2008, this Code Section prohibited the possession of all firearms within the Village of Morton Grove.

3.      On July 28, 2008, in response to the United States Supreme Court's decision in *District of Columbia v Heller*, No, 07-290 (S. Ct. June 26, 2008), the Corporate Authorities amended Village Code Section 6-2-3(c) to repeal the Village's prior ban on the possession of handguns.  A copy of Village Ordinance 08-25 is attached hereto as Exhibit "A".

4.      As a result of the passage of Ordinance 08-25, the Defendants believe the Plaintiffs' complaint is moot.

5.     Plaintiffs and Defendants are currently in discussion as to whether the Plaintiff is willing to dismiss its complaint in light of the Village's passage of Ordinance 08-25.

WHEREFORE, for the reasons stated above the VILLAGE OF MORTON GROVE and RICHARD KRIER, PRESIDENT, respectfully request that this Court grant Defendants an additional twenty-eight (28) days to file their answer or other responsive pleadings to the Plaintiffs' complaint.

Respectfully Submitted,

VILLAGE OF MORTON GROVE and
RICHARD KRIER, PRESIDENT
Defendants

BY: _____

Teresa Hoffman Liston
Corporation Counsel
Village of Morton Grove
6101 Capulina Avenue
Morton Grove, Illinois 60053
(847) 663-3003

# EXHIBIT "A"

<u>Legislative Summary</u>

---

## Ordinance 08-25

# AMENDING TITLE 6, CHAPTER 2 ENTITLED *DEADLY WEAPONS*, OF THE MUNICIPAL CODE OF THE VILLAGE OF MORTON GROVE

| | |
|---|---|
| **Introduced** | July 14, 2008 |
| **Synopsis:** | This Ordinance amends Title 6, Chapter 2, to remove the total ban on the possession of handguns within the Village of Morton Grove, and to incorporate by reference certain State of Illinois Statutes regulating the unlawful use of deadly weapons. |
| **Purpose:** | This Code amendment will bring the Village's ordinances regulating the possession of handguns in compliance with the ruling of the United States Supreme Court in <u>District of Columbia vs Heller</u> which ruled individuals have a right under the second amendment to possess handguns within their place of residence. |
| **Background:** | On June 8, 1981, the Village Board adopted Ordinance 81-11 which among other things prohibited the possession of handguns throughout the Village of Morton Grove including within a person's place of abode. On June 26, 2008, the United States Supreme Court, in the case of <u>District of Columbia vs Heller,</u> ruled the Second Amendment of the United States Constitution provides an individual right for persons to possess handguns within their residence and laws prohibiting the possession of handguns within a person's residence are unconstitutional. The United States Supreme Court also ruled units of government have the right to impose reasonable regulations on the possession of firearms. Passage of this ordinance will bring the Village's Municipal Code in compliance with the Supreme Court's ruling. In particular, this code amendment will remove the ban on all handguns within the Village of Morton Grove as set forth in Ordinance 81-11. The Village Code will incorporate by reference the following sections of State of Illinois law: 720 ILCS 5/24, sections 1, 2, 6, and 9. Section 1 provides it is unlawful for persons to possess certain deadly weapons such as bludgeons, blackjacks, sand clubs, metal knuckles, throwing stars, switchblades, daggers, stun guns, or taser guns, etc, it is unlawful for a person to carry a concealed weapon, or transport a weapon unless it is broken down in a nonfunctioning state or not immediately accessible, it is unlawful for a person to possess certain unusual or dangerous firearms such as machine guns and sawed off shot guns, and it is illegal to carry or possess weapons upon public streets or public land. Section 2 exempts certain persons from the regulations of Section 1 including law enforcement, security, and military personnel. Section 6 provides for the confiscation, disposition, and return of firearms. Section 9 makes it unlawful for a person to store or leave a firearm within a premise under his or her control if that person knows or has reason to believe a minor under the age of fourteen is likely to gain access to the firearm without the permission of the minor's parent or guardian and the minor causes death or great bodily harm with the firearm. Copies of 720 ILCS 5/24-1, 2, 6, and 9 are attached to this Legislative Summary. |
| **Department Affected:** | Police and Legal Departments |
| **Fiscal Impact:** | Not applicable |
| **Source of Funds:** | Not applicable |
| **Administrator Recommendation:** | Approved as presented |
| **First Reading:** | Required – Code Amendment |

Respectfully submitted: _Joseph A. Wade_
Joseph F. Wade, Village Administrator

Prepared by: _____
Teresa Hoffman Liston, Corporation Counsel

Reviewed by: _____
Paul L. Tasch, Jr., Police Chief

(720 ILCS 5/Art. 24)
ARTICLE 24. DEADLY WEAPONS

(720 ILCS 5/24-1) (from Ch. 38, par. 24-1)
Sec. 24-1. Unlawful Use of Weapons.
(a) A person commits the offense of unlawful use of weapons when he knowingly:
  (1) Sells, manufactures, purchases, possesses or carries any bludgeon, black-jack, slung-shot, sand-club, sand-bag, metal knuckles, throwing star, or any knife, commonly referred to as a switchblade knife, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife, or a ballistic knife, which is a device that propels a knifelike blade as a projectile by means of a coil spring, elastic material or compressed gas; or
  (2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character; or
  (3) Carries on or about his person or in any vehicle, a tear gas gun projector or bomb or any object containing noxious liquid gas or substance, other than an object containing a non-lethal noxious liquid gas or substance designed solely for personal defense carried by a person 18 years of age or older; or
  (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:
    (i) are broken down in a non-functioning state;  or
    (ii) are not immediately accessible; or
    (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card; or
  (5) Sets a spring gun; or
  (6) Possesses any device or attachment of any kind designed, used or intended for use in silencing the report of any firearm; or
  (7) Sells, manufactures, purchases, possesses or carries:
    (i) a machine gun, which shall be defined for the purposes of this subsection as any weapon, which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot without manually reloading by a single function of the trigger, including the frame or receiver of any such weapon, or sells, manufactures, purchases, possesses, or carries any combination of parts designed or intended for use in converting any weapon into a machine gun, or any combination or parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person;
    (ii) any rifle having one or more barrels less than 16 inches in length or a shotgun having one or more barrels less than 18 inches in length or any weapon made from a rifle or shotgun, whether by alteration, modification, or otherwise, if such a weapon as modified has an overall length of less than 26 inches; or
    (iii) any bomb, bomb-shell, grenade, bottle or other container containing an explosive substance of over one-quarter ounce for like purposes, such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles; or
  (8) Carries or possesses any firearm, stun gun or taser or other deadly weapon in any place which is licensed to sell intoxicating beverages, or at any public gathering held pursuant to a license issued by any governmental body or any public gathering at which an admission is charged, excluding a place where a showing, demonstration or lecture involving the exhibition of unloaded firearms is conducted.
This subsection (a)(8) does not apply to any auction  or raffle of a firearm held pursuant to a license or permit issued by a governmental body, nor does it apply to persons engaged in firearm safety training courses; or
  (9) Carries or possesses in a vehicle or on or about his person any pistol, revolver, stun gun or taser or firearm or ballistic knife, when he is hooded, robed or masked in such manner as to conceal his identity; or
  (10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode or fixed place of business, any pistol, revolver, stun gun or taser or other firearm, except

that this subsection (a) (10) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

A "stun gun or taser", as used in this paragraph (a) means (i) any device which is powered by electrical charging units, such as, batteries, and which fires one or several barbs attached to a length of wire and which, upon hitting a human, can send out a current capable of disrupting the person's nervous system in such a manner as to render him incapable of normal functioning or (ii) any device which is powered by electrical charging units, such as batteries, and which, upon contact with a human or clothing worn by a human, can send out current capable of disrupting the person's nervous system in such a manner as to render him incapable of normal functioning; or

(11) Sells, manufactures or purchases any explosive bullet. For purposes of this paragraph (a) "explosive bullet" means the projectile portion of an ammunition cartridge which contains or carries an explosive charge which will explode upon contact with the flesh of a human or an animal. "Cartridge" means a tubular metal case having a projectile affixed at the front thereof and a cap or primer at the rear end thereof, with the propellant contained in such tube between the projectile and the cap; or

(12) (Blank).

(b) Sentence. A person convicted of a violation of subsection 24-1(a)(1) through (5), subsection 24-1(a)(10), or subsection 24-1(a)(11) commits a Class A misdemeanor. A person convicted of a violation of subsection 24-1(a)(8) or 24-1(a)(9) commits a Class 4 felony; a person convicted of a violation of subsection 24-1(a)(6) or 24-1(a)(7)(ii) or (iii) commits a Class 3 felony. A person convicted of a violation of subsection 24-1(a)(7)(i) commits a Class 2 felony and shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years, unless the weapon is possessed in the passenger compartment of a motor vehicle as defined in Section 1-146 of the Illinois Vehicle Code, or on the person, while the weapon is loaded, in which case it shall be a Class X felony. A person convicted of a second or subsequent violation of subsection 24-1(a)(4), 24-1(a)(8), 24-1(a)(9), or 24-1(a)(10) commits a Class 3 felony. The possession of each weapon in violation of this Section constitutes a single and separate violation.

(c) Violations in specific places.

(1) A person who violates subsection 24-1(a)(6) or 24-1(a)(7) in any school, regardless of the time of day or the time of year, in residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, in a public park, in a courthouse, on the real property comprising any school, regardless of the time of day or the time of year, on residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, on the real property comprising any public park, on the real property comprising any courthouse, in any conveyance owned, leased or contracted by a school to transport students to or from school or a school related activity, or on any public way within 1,000 feet of the real property comprising any school, public park, courthouse, or residential property owned, operated, or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development commits a Class 2 felony and shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

(1.5) A person who violates subsection 24-1(a)(4), 24-1(a)(9), or 24-1(a)(10) in any school, regardless of the time of day or the time of year, in residential property owned, operated, or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, in a public park, in a courthouse, on the real property comprising any school, regardless of the time of day or the time of year, on residential property owned, operated, or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, on the real property comprising any public park, on the real property comprising any courthouse, in any conveyance owned, leased, or contracted by a school to transport students to or from school or a school related activity, or on any public way within 1,000 feet of the real property comprising any school, public park, courthouse, or residential property owned, operated, or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development commits a Class 3 felony.

(2) A person who violates subsection 24-1(a)(1), 24-1(a)(2), or 24-1(a)(3) in any school, regardless of the time of day or the time of year, in residential property owned, operated or managed by a public housing

agency or leased by a public housing agency as part of a scattered site or mixed-income development, in a public park, in a courthouse, on the real property comprising any school, regardless of the time of day or the time of year, on residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, on the real property comprising any public park, on the real property comprising any courthouse, in any conveyance owned, leased or contracted by a school to transport students to or from school or a school related activity, or on any public way within 1,000 feet of the real property comprising any school, public park, courthouse, or residential property owned, operated, or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development commits a Class 4 felony. "Courthouse" means any building that is used by the Circuit, Appellate, or Supreme Court of this State for the conduct of official business.

(3) Paragraphs (1), (1.5), and (2) of this subsection (c) shall not apply to law enforcement officers or security officers of such school, college, or university or to students carrying or possessing firearms for use in training courses, parades, hunting, target shooting on school ranges, or otherwise with the consent of school authorities and which firearms are transported unloaded enclosed in a suitable case, box, or transportation package.

(4) For the purposes of this subsection (c),

"school" means any public or private elementary or secondary school, community college, college, or university.

(d) The presence in an automobile other than a public omnibus of any weapon, instrument or substance referred to in subsection (a)(7) is prima facie evidence that it is in the possession of, and is being carried by, all persons occupying such automobile at the time such weapon, instrument or substance is found, except under the following circumstances: (i) if such weapon, instrument or instrumentality is found upon the person of one of the occupants therein; or (ii) if such weapon, instrument or substance is found in an automobile operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver.

(e) Exemptions. Crossbows, Common or Compound bows and Underwater Spearguns are exempted from the definition of ballistic knife as defined in paragraph (1) of subsection (a) of this Section.

(Source: P.A. 94-72, eff. 1-1-06; 94-284, eff. 7-21-05; 95-331, eff. 8-21-07.)

(720 ILCS 5/24-2) (from Ch. 38, par. 24-2)

Sec. 24-2. Exemptions.

(a) Subsections 24-1(a)(3), 24-1(a)(4) and 24-1(a)(10) and Section 24-1.6 do not apply to or affect any of the following:

(1) Peace officers, and any person summoned by a peace officer to assist in making arrests or preserving the peace, while actually engaged in assisting such officer.

(2) Wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense, while in the performance of their official duty, or while commuting between their homes and places of employment.

(3) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard or the Reserve Officers Training Corps, while in the performance of their official duty.

(4) Special agents employed by a railroad or a public utility to perform police functions, and guards of armored car companies, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment; and watchmen while actually engaged in the performance of the duties of their employment.

(5) Persons licensed as private security contractors, private detectives, or private alarm contractors, or employed by an agency certified by the Department of Professional Regulation, if their duties include the carrying of a weapon under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment, provided that such commuting is accomplished within one hour from departure from home or place of employment, as the case may be. Persons exempted under this subdivision (a)(5) shall be required to have completed a course of study in firearms handling and training approved and supervised by the Department of Professional Regulation as prescribed by Section 28 of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004, prior to becoming eligible for this exemption. The Department of Professional Regulation shall provide suitable documentation demonstrating the successful completion of the prescribed firearms training. Such documentation shall be carried at all times when such persons are in possession of a concealable weapon.

(6) Any person regularly employed in a commercial or industrial operation as a security guard for the protection of persons employed and private property related to such commercial or industrial operation, while actually engaged in the performance of his or her duty or traveling between sites or properties belonging to the employer, and who, as a security guard, is a member of a security force of at least 5 persons registered with the Department of Professional Regulation; provided that such security guard has successfully completed a course of study, approved by and supervised by the Department of Professional Regulation, consisting of not less than 40 hours of training that includes the theory of law enforcement, liability for acts, and the handling of weapons. A person shall be considered eligible for this exemption if he or she has completed the required 20 hours of training for a security officer and 20 hours of required firearm training, and has been issued a firearm control card by the Department of Professional Regulation. Conditions for the renewal of firearm control cards issued under the provisions of this Section shall be the same as for those cards issued under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004. Such firearm control card shall be carried by the security guard at all times when he or she is in possession of a concealable weapon.

(7) Agents and investigators of the Illinois Legislative Investigating Commission authorized by the Commission to carry the weapons specified in subsections 24-1(a)(3) and 24-1(a)(4), while on duty in the course of any investigation for the Commission.

(8) Persons employed by a financial institution for the protection of other employees and property related to such financial institution, while actually engaged in the performance of their duties, commuting between their homes and places of employment, or traveling between sites or properties owned or operated by such financial institution, provided that any person so employed has successfully completed a course of study, approved by and supervised by the Department of Professional Regulation, consisting of not less than 40 hours of training which includes theory of law enforcement, liability for acts, and the handling of weapons. A person shall be considered to be eligible for this exemption if he or she has completed the required 20 hours of training for a security officer and 20 hours of required firearm training, and has been issued a firearm control card by the Department of Professional Regulation. Conditions for renewal of firearm control cards issued under the provisions of this Section shall be the same as for those issued under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and

Locksmith Act of 2004. Such firearm control card shall be carried by the person so trained at all times when such person is in possession of a concealable weapon. For purposes of this subsection, "financial institution" means a bank, savings and loan association, credit union or company providing armored car services.

(9) Any person employed by an armored car company to drive an armored car, while actually engaged in the performance of his duties.

(10) Persons who have been classified as peace officers pursuant to the Peace Officer Fire Investigation Act.

(11) Investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act.

(12) Special investigators appointed by a State's Attorney under Section 3-9005 of the Counties Code.

(12.5) Probation officers while in the performance of their duties, or while commuting between their homes, places of employment or specific locations that are part of their assigned duties, with the consent of the chief judge of the circuit for which they are employed.

(13) Court Security Officers while in the performance of their official duties, or while commuting between their homes and places of employment, with the consent of the Sheriff.

(13.5) A person employed as an armed security guard at a nuclear energy, storage, weapons or development site or facility regulated by the Nuclear Regulatory Commission who has completed the background screening and training mandated by the rules and regulations of the Nuclear Regulatory Commission.

(14) Manufacture, transportation, or sale of weapons to persons authorized under subdivisions (1) through (13.5) of this subsection to possess those weapons.

(b) Subsections 24-1(a)(4) and 24-1(a)(10) and Section 24-1.6 do not apply to or affect any of the following:

(1) Members of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, and patrons of such ranges, while such members or patrons are using their firearms on those target ranges.

(2) Duly authorized military or civil organizations   while parading, with the special permission of the Governor.

(3) Hunters, trappers or fishermen with a license or permit while engaged in hunting, trapping or fishing.

(4) Transportation of weapons that are broken down in a non-functioning state or are not immediately accessible.

(c) Subsection 24-1(a)(7) does not apply to or affect any of the following:

(1) Peace officers while in performance of their official duties.

(2) Wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense.

(3) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard, while in the performance of their official duty.

(4) Manufacture, transportation, or sale of machine guns to persons authorized under subdivisions (1) through (3) of this subsection to possess machine guns, if the machine guns are broken down in a non-functioning state or are not immediately accessible.

(5) Persons licensed under federal law to manufacture any weapon from which 8 or more shots or bullets can be discharged by a single function of the firing device, or ammunition for such weapons, and actually engaged in the business of manufacturing such weapons or ammunition, but only with respect to activities which are within the lawful scope of such business, such as the manufacture, transportation, or testing of such weapons or ammunition. This exemption does not authorize the general private possession of any weapon from which 8 or more shots or bullets can be discharged by a single function of the firing device, but only such possession and activities as are within the lawful scope of a licensed manufacturing business described in this paragraph.

During transportation, such weapons shall be broken down in a non-functioning state or not immediately accessible.

(6) The manufacture, transport, testing, delivery, transfer or sale, and all lawful commercial or experimental activities necessary thereto, of rifles, shotguns, and weapons made from rifles or shotguns, or ammunition for such rifles, shotguns or weapons, where engaged in by a person operating as a contractor or subcontractor pursuant to a contract or subcontract for the development and supply of such rifles, shotguns, weapons or ammunition to the United States government or any branch of the Armed Forces of the United States, when such activities are necessary and incident to fulfilling the terms of such contract.

The exemption granted under this subdivision (c)(6) shall also apply to any authorized agent of any such contractor or subcontractor who is operating within the scope of his employment, where such activities involving such weapon, weapons or ammunition are necessary and incident to fulfilling the terms of such contract.

During transportation, any such weapon shall be broken down in a non-functioning state, or not immediately accessible.

(d) Subsection 24-1(a)(1) does not apply to the purchase, possession or carrying of a black-jack or slung-shot by a peace officer.

(e) Subsection 24-1(a)(8) does not apply to any owner, manager or authorized employee of any place specified in that subsection nor to any law enforcement officer.

(f) Subsection 24-1(a)(4) and subsection 24-1(a)(10) and Section 24-1.6 do not apply to members of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while using their firearms on those target ranges.

(g) Subsections 24-1(a)(11) and 24-3.1(a)(6) do not apply to:

(1) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard, while in the performance of their official duty.

(2) Bonafide collectors of antique or surplus military ordinance.

(3) Laboratories having a department of forensic ballistics, or specializing in the development of ammunition or explosive ordinance.

(4) Commerce, preparation, assembly or possession of explosive bullets by manufacturers of ammunition licensed by the federal government, in connection with the supply of those organizations and persons exempted by subdivision (g)(1) of this Section, or like organizations and persons outside this State, or the transportation of explosive bullets to any organization or person exempted in this Section by a common carrier or by a vehicle owned or leased by an exempted manufacturer.

(g-5) Subsection 24-1(a)(6) does not apply to or affect persons licensed under federal law to manufacture any device or attachment of any kind designed, used, or intended for use in silencing the report of any firearm, firearms, or ammunition for those firearms equipped with those devices, and actually engaged in the business of manufacturing those devices, firearms, or ammunition, but only with respect to activities that are within the lawful scope of that business, such as the manufacture, transportation, or testing of those devices, firearms, or ammunition. This exemption does not authorize the general private possession of any device or attachment of any kind designed, used, or intended for use in silencing the report of any firearm, but only such possession and activities as are within the lawful scope of a licensed manufacturing business described in this subsection (g-5). During transportation, those devices shall be detached from any weapon or not immediately accessible.

(h) An information or indictment based upon a violation of any subsection of this Article need not negative any exemptions contained in this Article. The defendant shall have the burden of proving such an exemption.

(i) Nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession, of any pistol or revolver, stun gun, taser, or other firearm consigned to a common carrier operating under license of the State of Illinois or the federal government, where such transportation, carrying, or possession is incident to the lawful transportation in which such common carrier is engaged; and nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession of any pistol, revolver, stun gun, taser, or other firearm, not the subject of and regulated by subsection 24-1(a)(7) or subsection 24-2(c) of this Article, which is unloaded and enclosed in a case, firearm carrying box, shipping box, or other container, by the possessor of a valid Firearm Owners Identification Card.

(Source: P.A. 95-331, eff. 8-21-07; 95-613, eff. 9-11-07.)

**(720 ILCS 5/24-6) (from Ch. 38, par. 24-6)**
**Sec. 24-6. Confiscation and disposition of weapons.**
(a) Upon conviction of an offense in which a weapon was used or possessed by the offender, any weapon seized shall be confiscated by the trial court.
(b) Any stolen weapon so confiscated, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession, if known. After the disposition of a criminal case or in any criminal case where a final judgment in the case was not entered due to the death of the defendant, and when a confiscated weapon is no longer needed for evidentiary purposes, and when in due course no legitimate claim has been made for the weapon, the court may transfer the weapon to the sheriff of the county who may proceed to destroy it, or may in its discretion order the weapon preserved as property of the governmental body whose police agency seized the weapon, or may in its discretion order the weapon to be transferred to the Department of State Police for use by the crime laboratory system, for training purposes, or for any other application as deemed appropriate by the Department. If, after the disposition of a criminal case, a need still exists for the use of the confiscated weapon for evidentiary purposes, the court may transfer the weapon to the custody of the State Department of Corrections for preservation. The court may not order the transfer of the weapon to any private individual or private organization other than to return a stolen weapon to its rightful owner.
The provisions of this Section shall not apply to violations of the Fish and Aquatic Life Code or the Wildlife Code. Confiscation of weapons for Fish and Aquatic Life Code and Wildlife Code violations shall be only as provided in those Codes.
(c) Any mental hospital that admits a person as an inpatient pursuant to any of the provisions of the Mental Health and Developmental Disabilities Code shall confiscate any firearms in the possession of that person at the time of admission, or at any time the firearms are discovered in the person's possession during the course of hospitalization. The hospital shall, as soon as possible following confiscation, transfer custody of the firearms to the appropriate law enforcement agency. The hospital shall give written notice to the person from whom the firearm was confiscated of the identity and address of the law enforcement agency to which it has given the firearm.
The law enforcement agency shall maintain possession of any firearm it obtains pursuant to this subsection for a minimum of 90 days. Thereafter, the firearm may be disposed of pursuant to the provisions of subsection (b) of this Section.
(Source: P.A. 91-696, eff. 4-13-00.)

**(720 ILCS 5/24-9)**
**Sec. 24-9. Firearms; Child Protection.**
(a) Except as provided in subsection (c), it is unlawful for any person to store or leave, within premises under his or her control, a firearm if the person knows or has reason to believe that a minor under the age of 14 years who does not have a Firearm Owners Identification Card is likely to gain access to the firearm without the lawful permission of the minor's parent, guardian, or person having charge of the minor, and the minor causes death or great bodily harm with the firearm, unless the firearm is:
   (1) secured by a device or mechanism, other than the firearm safety, designed to render a firearm temporarily inoperable; or
   (2) placed in a securely locked box or container; or
   (3) placed in some other location that a reasonable person would believe to be secure from a minor under the age of 14 years.
(b) Sentence. A person who violates this Section is guilty of a Class C misdemeanor and shall be fined not less than $1,000. A second or subsequent violation of this Section is a Class A misdemeanor.
(c) Subsection (a) does not apply:
   (1) if the minor under 14 years of age gains access to a firearm and uses it in a lawful act of self-defense or defense of another; or
   (2) to any firearm obtained by a minor under the age of 14 because of an unlawful entry of the premises by the minor or another person.
(d) For the purposes of this Section, "firearm" has the meaning ascribed to it in Section 1.1 of the Firearm Owners Identification Card Act.
(Source: P.A. 91-18, eff. 1-1-00.)

# ORDINANCE 08-25
## AMENDING TITLE 6, CHAPTER 2 ENTITLED *DEADLY WEAPONS*, OF THE MUNICIPAL CODE OF THE VILLAGE OF MORTON GROVE

WHEREAS, the Village of Morton Grove (VILLAGE), located in Cook County, Illinois, is a home rule unit of government under the provisions of Article 7 of the 1970 Constitution of the State of Illinois, can exercise any power and perform any function pertaining to its government affairs, including but not limited to the power to tax and incur debt; and

WHEREAS, on June 8, 1981, the Village Board adopted Ordinance 81-11 which among other things prohibited the possession of handguns in a person's place of abode.

WHEREAS, on June 26, 2008, the United States Supreme Court in the case of <u>District of Columbia vs Heller</u> has ruled regulations prohibiting the possession of handguns in a person's home is unconstitutional; and

WHEREAS, in this decision the United States Supreme Court held the right to keep a handgun in a person's home is an individual right; and

WHEREAS, the United States Supreme Court, also ruled it remains constitutional for units of government to impose reasonable regulations on the possession of firearms; and

WHEREAS, the Village Board of Trustees wish to amend Title 6, Chapter 2 so it is in compliance with the United States Supreme Court's decision in <u>District of Columbia vs Heller</u>.

NOW, THEREFORE BE IT ORDAINED BY THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF MORTON GROVE, COOK COUNTY, ILLINOIS AS FOLLOWS:

SECTION 1: The Corporate Authorities do hereby incorporate the foregoing WHEREAS clauses into this Ordinance as though fully set forth therein thereby making the findings as hereinabove set forth.

SECTION 2: Title 6, Chapter 2, of the Municipal Code of the Village of Morton Grove is hereby amended to read as follows:

CHAPTER 2

**DEADLY WEAPONS**

**SECTION:**

| | |
|---|---|
| 6-2-1: | Definitions |
| 6-2-2: | Handgun Dealer Prohibited |
| 6-2-3: | Unlawful Use of Weapons; Exemptions |
| 6-2-4: | Discharging Firearms |
| 6-2-5: | Guns or Firearms which Fire Pellets of Paint |

6-2-1: **DEFINITIONS:** As used in this chapter and unless the context clearly requires otherwise, the words and terms listed shall have the meaning ascribed to them in 720 ILCS 5/24 et seq. The following terms shall have the following meanings:

| | |
|---|---|
| HANDGUN | Any firearm which is designed or redesigned, made or remade, and intended to be fired while held in one hand or having a barrel of less than ten inches (10") in length or a firearm of a size which may be concealed upon the person. |
| HANDGUN DEALER | Any person engaged in the business of selling or renting handguns at wholesale or retail, manufacture of handguns or repairing handguns, making or fitting special barrels or trigger mechanisms to handguns. |
| LICENSED FIREARM COLLECTOR | Any person licensed as a collector by the Secretary of the Treasury of the United States under and by virtue of Title 18, United States Code, Section 923. |
| LICENSED GUN CLUB | A club or organization, organized for the purpose of practicing shooting at targets licensed by the Village of Morton Grove as provided by this Code. |

6-2-2: **HANDGUN DEALER PROHIBITED:** No person shall engage in the business of handgun dealer in the Village and no business license shall be granted by the Village to any handgun dealer. Any person currently engaged in the business of handgun dealer may continue to be so engaged for a period of ninety (90) days after the effective date of this section.

A conviction of a violation of this section by a holder of a business license issued by the Village shall constitute grounds for revocation of such business license by the President and Board of Trustees (Ord 80-10, 6-8-1981)

6-2-3: **UNLAWFUL USE OF WEAPONS; EXEMPTIONS:**

A. The Village of Morton Grove hereby incorporates by reference the following sections of the Illinois Compiled Statutes as amended from time-to-time as fully restated in this section:

720 ILCS 5/24-1    Unlawful Use of Weapons.

720 ILCS 5/24-2        Exemptions
720 ILCS 5/24-6        Confiscation and Disposition of Weapons
720 ILCS 5/24-9        Firearms; Child Protection

B.    Penalties:  Any person violating subsection A shall be subject to a penalty in accordance with Title 1, Chapter 4 of this Code.

C.    Voluntary Delivery to Police Department:  If a person voluntarily and peaceably delivers and abandons to the police department any weapon mentioned in this section, such delivery shall preclude the arrest and prosecution of such person on a charge of violating any provision of this chapter with respect to the weapon voluntarily delivered.  Delivery under this subsection may be made at the headquarters of the police department or by summoning a police officer to the person's residence or place of business.  Every weapon to be delivered and abandoned to the police department under this subsection shall be unloaded and securely wrapped in a package and in the case of delivery to the police headquarters, the package shall be carried in open view.  No person who delivers and abandons a weapon upon this subsection shall be required to furnish identification, photographs or fingerprints.  No amount of money shall be paid for any weapon delivered or abandoned under this subsection.

Whenever any weapon is surrendered under this subsection, the police department shall inquire of all law enforcement agencies whether such weapon is needed as evidence.  If the same is not needed as evidence, it shall be destroyed. (Ord. 85-1, 1-25-1985)

6-2-4:        **DISCHARGING FIREARMS:**  It shall be unlawful for any person to discharge firearms within the corporate limits of the Village, except at or upon duly licensed ranges constructed and maintained set forth in this Code. (Ord. 85-1, 1-25-1985)

6-2-5:        **GUNS OR FIREARMS WHICH FIRE PELLETS OF PAINT:**

A.    Paint Guns:  It shall be unlawful for any person to exhibit for sale, or to sell, give away, rent, lend or otherwise transfer, or to purchase any gun or firearm manufactured or produced for the purpose of firing or shooting pellets of paint.

B.    Paint Pellets:  It shall be unlawful for any person holding a retail business license to sell paint in the form of pellets which explode upon projection from a gun or firearm, or for any person to purchase paint in such explosive pellets.

SECTION 3:  This ordinance is an exercise of the home rule authority of the Village of Morton Grove and is intended to and, to the fullest extent allowed by the Constitution of the State of Illinois, nothing in this ordinance shall be construed to render any State Statute relating to the unlawful possession or use of deadly weapons and in particular any statute set forth in 720 ILCS 5/24 et seq unenforceable.

SECTION 4:  If any section, subsection, sentence, clause, phrase or portion of this Chapter is for any reason held invalid or unconstitutional by any court of competent jurisdiction, such portion shall be deemed a separate, distinct, and independent provision and such holding shall not affect the validity of the remaining portions hereof.

SECTION 5:  In the event this ordinance or any part thereof is in conflict with any statute, ordinance, or resolution or part there, the amendments in this ordinance shall be controlling and shall supersede all other statutes, ordinances, or resolutions but only to the extent of such conflict.  Except as to code amendments set forth above in this ordinance, all chapters and sections of the Morton Grove Village Code as amended shall remain in full force and effect.

SECTION 6:  This ordinance shall be in full force and effect from and after its adoption, approval, and publication as provided by law.

PASSED THIS 28th day of July 2008.

| Trustee Brunner | NAY |
| Trustee Kogstad | AYE |
| Trustee Marcus | AYE |
| Trustee Minx | AYE |
| Trustee Staackmann | AYE |
| Trustee Thill | AYE |

APPROVED BY ME THIS 28th day of July 2008.

Richard Krier, Village President
Village of Morton Grove
Cook County, Illinois

ATTESTED and FILES in my office
This 29th day of July 2008.

Carol A. Fritzshall, Village Clerk
Village of Morton Grove
Cook County, Illinois